THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRETT BRANDT, Defendant-Appellant.

Third District   No. 3—87—0267

Opinion filed January 28, 1988.

Robert H. Adcock, of Adcock & Dobbs, Ltd., of Morris, for appellant.

Charles R. Zalar, State's Attorney, of Morris (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

The trial court sustained the summary suspension of the defendant's driver's license. The defendant, Brett Brandt, appeals.

Pursuant to section 11—501.1 of the Illinois Vehicle Code (the Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1), the defendant's driver's license was summarily suspended after a breath analysis showed his alcohol concentration was over 0.10. At the hearing on his petition to rescind the suspension, the trial court ordered the defendant to proceed first with his case. The defendant objected, stating that he believed the burden of proof was on the State. The court overruled his objection.

The defendant's first witness was Morris police officer Scott Henderson. Officer Henderson testified that at 3:50 a.m. on February 20, 1987, he responded to a citizen's complaint that the citizen's son's parked car had been struck by another car. Upon arriving at the accident scene, he found two damaged cars about half a block apart. The defendant arrived on foot shortly thereafter.

Officer Henderson noticed that the defendant smelled strongly of alcohol and was wobbling on his feet. The officer asked the defendant to perform several field sobriety tests, all of which he failed. The defendant was arrested, taken to the police station and read the standard driving under the influence of alcohol warnings. The defendant agreed to take a breath analysis test and one was administered.

On cross-examination, the State questioned Officer Henderson regarding the results of the defendant's breath analysis. The defendant objected to the question and the court sustained the objection.

Morris police officer Kurt Salems testified that he also responded to the accident call. About two or three minutes after Salems arrived, the defendant walked up to the scene. According to Officer Salems, the defendant admitted that he had been driving and struck a parked car. The officer noticed that the defendant smelled of alcohol, had red eyes and swayed while standing.

The defendant rested his case. The State called no witnesses. The trial court sustained the summary suspension.

■■ On appeal, the defendant first argues that the trial court erred in ruling that he had the initial burden of proof at the summary suspension hearing. In support of his argument, he relies on *People v. Orth* (1987), 154 Ill. App. 3d 144, 506 N.E.2d 960, contending that this court held in *Orth* that the burden of proof is on the State. We note that the Illinois Appellate Court for the Second District has similarly interpreted our *Orth* decision. See *People v. Torres* (1987), 160 Ill. App. 3d 643, 513 N.E.2d 1142.

In *People v. Orth*, we did not reach the issue of whether the trial court had correctly ruled that the burden of proof shifted to the State once the defendant filed a proper petition to rescind. Rather, the parties argued, and we considered, only the foundational requirements for the State's introduction into evidence of breath analysis results. We held that "once the results of [a breath test] are utilized in a proceeding, *** the rules governing admissibility of such test results must govern." (*Orth*, 154 Ill. App. 3d at 148.) Thus, *Orth* does not control this issue.

We now consider whether the defendant or the State has the initial burden of proof after a petition to rescind has been filed. The Illinois Appellate Court, Second and Fourth Districts, has previously examined this issue and held that the initial burden is on the defendant. *People v. Griffith* (1987), 153 Ill. App. 3d 856, 506 N.E.2d 430; *People v. Blythe* (1987), 153 Ill. App. 3d 292, 505 N.E.2d 402.

We have examined sections 11—501.1 and 2—118.1 of the Code (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501.1, 2—118.1), which deal, respectively, with summary suspension and hearings on a petition to rescind. We also have examined the case law on this issue, including the excellent analysis in *Blythe*.

Based on our examination, we concur with the Second and Fourth Districts that after the defendant files a petition to rescind, he bears the initial burden of setting forth a *prima facie* case establishing in

his favor one or more of the section 2—118.1(b) bases for rescinding a summary suspension. We therefore hold that the trial court in the instant case properly placed the initial burden of proof on the defendant.

■ The defendant's second stated argument on appeal is that the State was required to set a proper evidentiary foundation for admission of the breath analysis results. While the defendant's brief is somewhat vague, he also appears to argue that the State was required to introduce the breath analysis results into evidence.

Based on our analysis in *Orth*, we agree that before the State may introduce the breath test results into evidence, it must establish a proper foundation. In the instant case, the State established no foundation and the trial court properly sustained the defendant's objection to the State's question regarding the results.

■ We further find, however, that the State was not required in this case to introduce the test results. The defendant's only witnesses were the two arresting officers. The officers' testimony established that the defendant was arrested for an offense defined in section 11—501 of the Code; that the arresting officers had reasonable grounds to believe the defendant was driving under the influence of alcohol; and that the defendant was properly warned about the resulting summary suspension if he refused to take a breath test or took one and had an alcohol concentration of 0.10 or more. The defendant did not present any evidence contesting the manner in which the breath test was conducted or its accuracy.

Pursuant to our analysis of the defendant's first issue, only where the defendant has established a *prima facie* case refuting the propriety of his suspension does the State have any burden of proof. Since the defendant did not establish in his favor any of the factors set forth in section 2—118.1(b) of the Code, he did not meet his initial burden of proof and the State was not required to present its case. Further, based on the evidence, we find that the trial court's decision to sustain the summary suspension was not against the manifest weight of the evidence. See *People v. Sanders* (1987), 155 Ill. App. 3d 759, 508 N.E.2d 497.

The judgment of the circuit court of Grundy County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.