THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRANK WINSTON KERN, SR., Defendant-Appellant.

Third District   No. 3—88—0465

Opinion filed April 28, 1989.

Ruud & Scovil, of Rock Island (Douglas C. Scovil, of counsel), for appellant.

James T. Teros, State's Attorney, of Rock Island (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

Frank Kern appeals from the judgment of the circuit court of Rock Island County denying his petition to rescind the statutory summary suspension of his driver's license. Kern raises three issues in this appeal, arguing first that the circuit court erred in concluding that the arresting officer had reasonable grounds to believe that Kern was driving on a highway while under the influence of alcohol (DUI); second, that the circuit court erred in concluding that Kern refused to submit to or complete a test to determine his blood-alcohol concentration; and finally, that the circuit court erred in denying his motion for judgment on the pleadings. Because we conclude that the circuit court's judgment that Kern refused to submit to the test is against the manifest weight of the evidence, we confine our discussion to that issue.

Following his arrest for DUI, Kern was taken to the Moline police department. Lieutenant Brockway, the breathalyzer operator, testified that at approximately 2:01 a.m. he began the 20-minute observation period necessary for the administration of the breath test. He stated that, as a matter of course, he permits any person who wishes to speak with an attorney the opportunity to consult legal counsel, so he told Kern that he could contact his lawyer. Kern then called an Iowa

attorney, who told Kern that he was unfamiliar with Illinois law and advised him to call an Illinois lawyer. After the call Kern was asked to take the test, but Kern said that he needed to talk to another attorney since the Iowa attorney was not familiar with Illinois law. Lieutenant Brockway told Kern that he could not permit him to make a second call as it was time to take the test. Kern then repeated his request to talk to an Illinois attorney. Though the officer said that Kern would have to take the test first, he permitted Kern to call an Illinois attorney. After the call, Kern told Lieutenant Brockway that he would take the test. Brockway advised Kern that it was too late because the time for taking the test had elapsed.

At the conclusion of the hearing, the circuit court found that there was probable cause for the stop, that the "Warning to Motorist" was read to Kern, that Kern was issued a traffic citation for DUI, that the officer had probable cause to believe that Kern was DUI, that Kern was requested to submit to a breath test, and that Kern refused to submit to the test. The court therefore sustained the summary suspension of Kern's driver's license. Kern then brought this appeal.

█▌ ▌ A defendant is considered to have refused to submit to or complete a blood-alcohol concentration test where "after a clear warning of the ramifications resulting from a refusal [citation], an officer explicitly asks a defendant whether he, or she, will take the test, and the defendant, by word, act or omission, clearly refuses to take the test." (*People v. Brennan* (1984), 122 Ill. App. 3d 602, 603, 461 N.E.2d 1067, 1068.) In this case there is no evidence that Kern verbally refused to take the test. The State argues, however, that Kern's repeated requests to consult counsel amounted to a refusal to take the test. We disagree. Ordinarily a defendant has no right to consult counsel prior to taking the test. (*People v. Gaddi* (1986), 145 Ill. App. 3d 227, 230, 494 N.E.2d 696, 698.) In this case, however, Lieutenant Brockway testified that he permits those who request legal counsel the opportunity to consult an attorney. In fact, the officers permitted Kern to contact an Iowa attorney without considering Kern to have refused the test. Having established such a policy, the officers could not consider Kern to have refused the test merely because he pressed a request to consult an Illinois attorney.

█▌ Additionally, we note that while a defendant's conditioning his taking of a blood-alcohol test on his ability to consult legal counsel may constitute a refusal (*Village of Cary v. Jakubek* (1984), 121 Ill. App. 3d 341, 344, 459 N.E.2d 651, 654), there is nothing in the record to indicate that Kern stated any condition to his taking the test. In

fact, the record indicates that after Kern spoke with an Illinois attorney, he agreed to take the test.

Thus, it is evident from the record that Kern did not refuse to submit to or complete the requested blood-alcohol test. We, therefore, conclude that the trial court's judgment that Kern refused to submit to the test was against the manifest weight of the evidence (*People v. Brandt* (1988), 165 Ill. App. 3d 406, 409, 519 N.E.2d 85, 87; *People v. Bafia* (1983), 112 Ill. App. 3d 710, 712, 445 N.E.2d 878, 879), and we accordingly reverse its judgment.

Reversed.

WOMBACHER, P.J., and SCOTT, J., concur.