FREDERICK K. GOSS, Petitioner-Appellant, v. THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee.

First District (1st Division)   No. 1—93—2175

Opinion filed May 1, 1995.

Francis E. Goodman, P.C., of Chicago (Francis E. Goodman, Richard A. Michael, and Margaret Goodman Smith, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Annette Collins, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BRADEN delivered the opinion of the court:

Frederick K. Goss, petitioner, appeals from the order of the circuit court of Cook County denying a petition to rescind the summary suspension of his driver's license. Petitioner contends that the trial court's decision denying his petition to rescind the summary suspension was against the manifest weight of the evidence. More specifically, he contends that the trial court's refusal to permit him to more fully consult with his attorney constituted a violation of his due process rights under the Federal and State Constitutions. Petitioner further argues that the trial court's decision constituted a violation of his statutory right to consult with counsel as found in the Illinois Code of Criminal Procedure of 1963 (725 ILCS 5/100—1 *et seq.* (West 1992)), and negates any refusal to submit to a breathalyzer test as contemplated by the implied consent law.

We reverse.

On April 6, 1993, at approximately 12:30 a.m., petitioner was driving on Sheridan Road with his attorney and girlfriend, Ms. Mary Davies. Police Officer Trage stopped petitioner and arrested him for driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(2) (West 1992)). He was taken to the Wilmette police station where he was placed in a small room. Ms. Davies drove herself to the police station.

Upon arriving in the small room, Officer Trage read petitioner the "Warning to Motorist," which articulates the consequences of a DUI and the penalties that could be imposed for refusing to take a breathalyzer test. Petitioner asked to see Ms. Davies, his attorney. Officer Trage refused the request. Petitioner made a second request to speak with Ms. Davies and the request was again denied. Officer Trage requested that petitioner submit to a breathalyzer test and petitioner again asked to speak with his attorney.

Petitioner was eventually permitted to speak with Ms. Davies. Officer Trage went over to the telephone and called to another area of the police station. Officer Trage inquired as to whether Ms. Davies was still present in the police station and arranged for her to speak with petitioner. Petitioner and Ms. Davies only spoke briefly, as Officer Trage interrupted the conversation to inform petitioner that his minute was up. Petitioner, believing that he was ordered to do so, hung up the telephone. Petitioner refused to submit to the breathalyzer test without further advice from his attorney. Officer Trage then informed petitioner that he had effectively refused to submit to a breathalyzer test.

Petitioner's driver's license was summarily suspended and he filed a petition to rescind the summary suspension. The trial court,

after hearing the testimony, denied the petition. It is from this order that petitioner now appeals.

It is well established that a trial court's finding of fact, after hearing a defendant's petition to rescind the statutory suspension of a driver's license, will not be reversed unless the findings are contrary to the manifest weight of the evidence. (*People v. Bulman* (1991), 212 Ill. App. 3d 795, 801, 571 N.E.2d 850, 855; *People v. Griffith* (1986), 143 Ill. App. 3d 683, 684, 493 N.E.2d 413, 415.) In *Bulman*, this court observed that "[a] finding is against the manifest weight of the evidence where an opposite conclusion is clearly evident." *Bulman*, 212 Ill. App. 3d at 801, 571 N.E.2d at 855.

Additionally, it can be recognized that Illinois courts have consistently held that the implied consent law (625 ILCS 5/11—501.1(West 1992)) should be liberally construed to accomplish its purpose of protecting the citizens of Illinois upon the highways. *People v. Schaffer* (1994), 261 Ill. App. 3d 304, 306, 634 N.E.2d 31, 33; *People v. Montelongo* (1987), 152 Ill. App. 3d 518, 522, 504 N.E.2d 936, 938.

Petitioner's final argument is that the refusal to permit him to consult with an attorney negated any refusal to submit to the breathalyzer test as contemplated by the implied consent law.

Once a person is accorded rights not required by law, the revocation of those rights will vitiate the effect of any purported refusal to submit to a breathalyzer test. In *People v. Elledge* (1986), 144 Ill. App. 3d 281, 494 N.E.2d 911, the appellate court affirmed the trial court's determination that there was no refusal as contemplated by the implied consent law, where the motorist declined to take a breathalyzer test upon being told by the officer that he was allowed to take a blood test. The law does not provide for a choice of tests; however, in *Elledge*, the officer wrongly informed the defendant that he would be given the opportunity to submit to a blood test. The officer then failed to make a blood test available and regarded the defendant's declination to take a breathalyzer test as a refusal. The court ruled that because the defendant had been offered the blood test and the officer failed to follow his offer, the defendant did not refuse the test as contemplated by the statute.

The analogy is drawn that, like the defendant in *Elledge*, petitioner in the present case had been offered or accorded additional rights. In *Elledge*, it was a chemical test and here it was a telephone call. The general reasoning in *Elledge* is to find that once an additional right is accorded and then taken away it negates any purported refusal.

In *People v. Kern* (1989), 182 Ill. App. 3d 414, 538 N.E.2d 184, the defendant motorist was similarly given the additional right to consult

with counsel. The defendant in *Kern* contacted an Iowa attorney who advised him to consult an Illinois attorney. The police officer would not permit an additional telephone call. The *Kern* court recognized that the defendant did not have the right to consult with an attorney; however, it noted as follows:

> "Ordinarily a defendant has no right to consult counsel prior to taking the test. [Citation.] In this case, however, Lieutenant Brockway testified that he permits those who request legal counsel the opportunity to consult an attorney. In fact, the officers permitted Kern to contact an Iowa attorney without considering Kern to have refused the test. Having established such a policy, the officers could not consider Kern to have refused the test merely because he pressed a request to consult an Illinois attorney."

(*Kern*, 182 Ill. App. 3d at 416, 538 N.E.2d at 186.)

It is not the demand or the insistence upon the nonexistent right to consult with counsel that is the important factor, but rather, the fact that once the officer extended the right, the defendant's insistence upon the completion of that right should not be deemed a refusal to submit to the test.

An argument has been made that *Kern* is inapplicable because in that case the extension of that additional right was an official policy of that particular police department. This argument is countered by a different reading of *Kern* in which it was not the official policy of the department, but, rather, only the policy of the particular officer. Regardless of this distinction, the *Kern* case is applicable to the present case because under both scenarios the additional right was extended and this is the critical fact.

In the instant case, petitioner was afforded the additional right to consult with his attorney, who was present in the police station. His insistence on more fully consulting with his attorney should not be considered a refusal to submit to the breathalyzer test under the reasoning in *Kern*. We, therefore, conclude that the trial court's judgment that petitioner refused to submit to the test was against the manifest weight of the evidence. *People v. Brandt* (1988), 165 Ill. App. 3d 406, 409, 519 N.E.2d 85, 87.

For the foregoing reasons, we reverse the decision of the trial court.

Reversed.

CAMPBELL, P.J., and BUCKLEY, J., concur.