THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CRAIG J. ZNANIECKI, Defendant-Appellant.
Third District   No. 3—88—0474

Opinion filed April 5, 1989.

Louis E. Olivero & Associates, of Peru (Douglas Olivero, of counsel), for appellant.

Norman K. Rafferty, State's Attorney, of Hennepin (Walter P. Hehner, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

The defendant appeals the trial court's denial of his petition to rescind his summary suspension.

On May 7, 1988, the defendant was charged with driving under the influence of alcohol (DUI) and notified of the statutory suspension of his driving privileges. He petitioned the trial court to rescind the statutory summary suspension.

The arresting officer, Bouxsein, stated that the vehicle driven by the defendant ran into a tree. There were two other passengers in the defendant's vehicle as well as a cooler containing five empty beer cans.

At the hospital, the defendant admitted to earlier drinking beer. The officer noted the defendant's speech was coherent and he responded to questions appropriately; nevertheless, he smelled of alcohol. After requesting blood from the defendant, Bouxsein arrested the defendant for DUI. He read the defendant his rights from a card entitled "Implied Consent Warnings." This card was admitted as an exhibit during this hearing. The defendant indicated he understood the warnings.

Following this hearing, the trial judge denied the defendant's petition to rescind the statutory summary suspension and this appeal follows.

The defendant claims he was not properly warned by the arresting officer of the resulting consequences if he submitted to a blood

test which revealed an alcohol concentration (BAC) of 0.10 or greater. We agree and reverse the statutory summary suspension.

According to the Illinois Vehicle Code, a rudimentary issue at a summary suspension hearing is whether the defendant was properly advised by the arresting officer that his privilege to operate a motor vehicle would be suspended if he refused to submit to and complete the test or tests requested or he submitted to a chemical test or tests, and such tests disclosed a BAC of 0.10 or more. Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1.

Section 11—501.1(c) of the Illinois Vehicle Code provides in relevant part as follows:

> "A person requested to submit to a test *** *shall* be warned by the law enforcement officer requesting the test that a refusal to submit to the test will result in the statutory summary suspension of such person's privilege to operate a motor vehicle as provided in Section 6—208.1 of this Code. The person *shall also be warned* by the law enforcement officer that if the person submits to the test or tests *** and the alcohol concentration in such person's blood or breath is 0.10 or greater, a statutory summary suspension of such person's privilege to operate a motor vehicle, as provided in Sections 6—208.1 and 11—501.1 of this Code, will be imposed." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(c).

■ The requirement that a person be warned under section 11—501.1(c) of the Vehicle Code is a mandatory one as is evidenced by the word "shall." Courts generally hold that the word "shall" is mandatory. *Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 373 N.E.2d 1332.

In this case, the arresting officer failed to warn the defendant that if he submitted to the blood test, and it revealed an alcohol concentration of 0.10 or more, a statutory summary suspension of his privilege to operate a motor vehicle would issue. The arresting officer testified that he read the defendant the standard implied consent warnings contained on the card he was issued by his department. The warning by the arresting officer read as follows:

> "A refusal to submit to the test will result in suspension of a person's license to operate a motor vehicle for six months for the first such arrest and refusal and suspension for twelve months for the second and each subsequent such arrest and refusal within 5 years."

■ The evidence shows the defendant received a warning of the resulting consequences in the event he refused to submit to the blood test; however, the evidence does not show the defendant was warned

of the resulting consequences if he submitted to the blood test and it disclosed a BAC of 0.10 or greater. Therefore, the warning provided the defendant was incomplete according to section 11—501.1(c) of the Vehicle Code. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(c).) The absence of this warning of the resulting consequences did not permit or allow the defendant to make an intelligent, knowing, and informed decision in this cause.

In order to properly warn a defendant who is arrested for DUI, he must be completely informed, meaning he should be warned of the consequences of his refusal to submit to the test or tests requested *as well as* the consequences of submitting to the test or tests requested which disclose a BAC of 0.10 or greater.

Based on the foregoing, the decision of the circuit court of Putnam County denying defendant's petition to rescind the summary suspension of his driving privileges is hereby reversed.

Reversed.

STOUDER and SCOTT, JJ., concur.