THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JEFFREY E. McCOLLUM, Defendant-Appellant.

Fourth District   No. 4—90—0581

Opinion filed March 7, 1991.

David Y. Eberspacher, of Heller, Holmes, Hefner & Eberspacher, Ltd.,
of Mattoon, for appellant.

Millard Everhart, State's Attorney, of Toledo (Kenneth R. Boyle, Robert
J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecu-
tor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

Acting pursuant to section 2—118.1 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1), defendant Jeffrey E. McCollum filed a motion in the circuit court of Cumberland County seeking rescission of action of the Secretary of State summarily suspending his driving privileges for a period of two years as provided for by sections 6—208.1(a)(3) and 11—501.1 of the Code (Ill. Rev. Stat. 1989, ch. 95½, pars. 6—208.1(a)(3), 11—501.1). After an evidentiary hearing, the circuit court entered an order on July 17, 1990, denying the petition. Defendant has appealed. We modify the judgment of the circuit court (134 Ill. 2d R. 366(a)(5)) and affirm it as modified.

Section 11—501.1(a) of the Code provides for chemical tests for alcohol in the blood, breath or urine of persons arrested for certain motor vehicle offenses, at the request of the arresting officer. Section 11—501.1(c) of the Code requires the requesting officer to warn the person requested to take the test "that a refusal to submit to the test will result in the statutory summary suspension" of that person's driving privileges. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(c).) Section 11—501.1(d) of the Code requires a law enforcement officer, whose request of an arrestee to take the test is refused, to notify the Secretary of State by *sworn report* of that refusal. Section 11—501.1(e) directs the Secretary of State to summarily suspend the driving privileges of that arrestee for periods set forth in section 6—208.1 of the Code. Section 6—208.1(a) sets forth that the suspension for a person shall be for six months except that the suspension shall be for two years for a person who is not a first offender. Ill. Rev. Stat. 1989, ch. 95½, par. 6—208.1(a).

The problem in this case arises because defendant was arrested for driving under the influence of intoxicating liquor (DUI) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501) and refused to take a breath test before the officer had time to explain to him the consequences of his refusal to take a test and, then, when the officer did explain the consequences, the undisputed evidence at the court hearing indicated the officer told defendant his refusal to take the test would result in a summary suspension of six months. Actually, defendant had a prior DUI conviction which automatically required a two-year suspension by the provisions of section 6—208.1(a) of the Code.

Section 2—118.1 of the Code sets forth a procedure by which a person notified of a summary suspension, as we have described, may request the rescission of the suspension as defendant has done here. Section 2—118.1(b)(3) limits the scope of the hearing on such a request to four grounds, only one of which is in question here:

"Whether such person, after being advised by the arresting officer that the privilege to operate a motor vehicle would be suspended if the person refused to submit to and complete the test or tests, did refuse to submit to or complete such test or tests to determine the person's alcohol or drug concentration ***." Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b)(3).

The only testimony at the hearing was that of the defendant. He stated he was taken by a police officer to the Cumberland County jail and then into a small office by the main office. Defendant stated the police officer and another person spent about five minutes looking for some papers when a deputy sheriff moved a cover off of a machine. According to defendant, he then stated "I don't think I want to take that test," immediately after which the arresting officer explained to defendant he would "lose [his] license for six months" if he refused to take the test. Defendant stated he then responded again that he "did not think [he] wanted to take the test." Defendant maintained no other discussion took place and nobody read to him from forms concerning the consequences of his refusal to be tested. However, he did say before he left the jail he was given two tickets, a document authorizing him to continue driving temporarily and another document he gave to his wife. Apparently that document did explain defendant's refusal of the test could cause the loss of his driving privileges for two years because defendant testified later his wife looked at the document and told him his refusal could result in a two-year suspension.

In denying defendant's motion, the circuit court recognized defendant had not been properly warned of the severity of the consequences of the refusal to take the test but ruled that defendant had waived any such explanation by his spontaneous refusal to take the test before any request he take the test or explanation about the test had been made. The principal argument in support of the decision by the State is the assertion that the decision was not contrary to the manifest weight of the evidence. The State does not attempt to support the waiver theory. Rather, it seems to contend that the evidence permits the inference that the defendant knew or should have known of the consequences of his refusal to take the test.

In order to relieve arresting officers from undue loss of time by appearance at hearings on requests for rescission of summary suspensions, section 2—118.1(b) of the Code states in part, "[t]he hearing may be contested upon a review of the law enforcement officer's own official reports; provided however, that the person may subpoena the officer." (Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b).) These reports are admissible in evidence at the hearing. (*People v. Clayton*

(1990), 201 Ill. App. 3d 163, 559 N.E.2d 300.) The docket sheet here indicates the officer's official report was filed but it is not in the certified record. In the case of *In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918, 510 N.E.2d 614, this court warned of the problems likely to arise when the admonitions of consequences of test refusal are given to an arrestee. This court noted that a "Warning to Motorists" form has been provided which sets forth the various suspensions which can result from refusal. Suggestion was made that the form should be read to the arrestee, signed by the officer and filed with the officer's sworn report. This "Warning to Motorists" form is likely the document which defendant states he received and gave to his wife.

As no such form is incorporated into a sworn officer's report and no such report, even without the form, is before us, the defendant's testimony stands unrefuted. Thus, we must analyze the issues here on the basis that defendant refused the test without having been advised as to the full consequences of his refusal. Section 11—501.1(c) of the Code does not expressly require an arrestee be warned of the possible length of the resultant suspension. It merely states that the warning must tell the arrestee that the refusal "will result in the statutory summary suspension of such person's" driving privileges. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(c).) However, we conclude, by analogy to other decisions concerning the format for chemical tests to determine intoxication under the Code, that specific admonition as to the length of possible suspension is required.

In *People v. Monckton* (1989), 191 Ill. App. 3d 106, 547 N.E.2d 673, an arrestee charged with DUI was advised by the arresting officer that if he took a breathalyzer test he could get a judicial driving permit and, if he refused, he would lose his license for 12 months. The arrestee submitted to the test, which resulted in a blood-alcohol content reading of 0.17. In a subsequent prosecution, the circuit court denied his motion to suppress the test results because of improper explanation by the officer and was convicted. On review, the appellate court noted that the actual suspension which that defendant would have faced for refusal to submit to the test was only six months. The DUI conviction was reversed because of the erroneous denial of the motion to suppress the test result when the defendant had been misled as to the possible length of sanction for refusing to submit to the breath test, *i.e.*, where he was told the suspension was for a longer period than was the case.

In *People v. Znaniecki* (1989), 181 Ill. App. 3d 389, 537 N.E.2d 16, a motorist's driving privileges were suspended by the Secretary of

State after the motorist had submitted to a blood test given pursuant to section 11—501.1 of the Code. Section 11—501.1(c) not only requires suspension for one who improperly refuses a chemical test but also requires suspension if a motorist takes the test and is shown to have a blood-alcohol content of 0.10 or greater. That test resulted in a reading in excess of 0.10. However, the appellate court ultimately ordered rescission of a summary suspension of that motorist's driving privileges because the warnings given the motorist by the arresting officer did not include an explanation in regard to the consequences to the motorist if he took and failed the test.

■ In *People v. Wegielnik* (1990), 205 Ill. App. 3d 191, 562 N.E.2d 573, the summary suspension of the driving privileges of a motorist not sufficiently conversant with English to understand the explanation concerning the consequences of taking or refusing a test under section 11—501.1 of the Code was held to necessitate a rescission of a suspension resulting from his refusal to take a test. In *Trainor*, this court indicated the proper way to satisfy the warning requirement of section 11—501.1(c) of the Code is for the arresting officer to read to the arrestee all of the warnings of the provided form, which includes an explanation that the suspension is longer when the arrestee is not a first offender. We conclude defendant is entitled to relief here because of the inadequacy of the warning given as shown by the record.

■ One remedy would be to require rescission of the summary suspension. However, such a remedy would give defendant more than that to which he is entitled. He concedes he was admonished that his suspension could have been for six months. He was deceived only to the extent that his suspension was for two years rather than for six months. The fairest relief which could have been given would have been for the circuit court to have rescinded the portion of the summary suspension which exceeded six months. (See *Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495.) Accordingly, pursuant to Supreme Court Rule 366(a)(5) (134 Ill. 2d R. 366(a)(5)), we modify the judgment of the circuit court to provide that the summary suspension is rescinded to the extent it exceeds a period of six months. We affirm the judgment of the circuit court as modified.

Affirmed as modified.

SPITZ and McCULLOUGH, JJ., concur.