THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellant and Cross-Appellee, v. STEVEN ESTRADA, Petitioner-Appellee and Cross-Appellant.

Third District    No. 3—99—0378

Opinion filed May 5, 2000.

Mark B. Thompson, State's Attorney, of Watseka (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Adam D. Grosch, of Hickory Hills, for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The petitioner, Steven Estrada, was charged with driving under the influence of cannabis. 625 ILCS 5/11—501(a)(3) (West 1998). He was subsequently notified of a six-month statutory summary suspension of his driver's license. He filed a petition to rescind the suspension, claiming that: (1) the police did not have reasonable grounds to arrest him for driving under the influence of cannabis; and (2) the arresting officer read him a warning to motorist which incorrectly stated the law. The trial court granted the petition to rescind on the second ground. The State appeals, claiming that the trial court erred in granting the petition to rescind. On cross-appeal, the petitioner argues that

the trial court erred in finding that the police had reasonable grounds to arrest him. We affirm.

At the hearing on the petition to rescind, Illinois State Trooper Robert Swift testified that around 9:48 p.m. on January 29, 1999, he was at a gas station in Gilman, Illinois. He observed a white Buick sideswipe a pallet of salt as the Buick left the station. Some bags were knocked over and ripped open. Swift drove up to the Buick and performed a traffic stop.

As Swift was talking to the driver, whom he identified as the petitioner, he smelled a strong odor of cannabis coming from inside the vehicle. He asked the petitioner whether there was cannabis in the car. The petitioner said there was not, but that he had smoked some cannabis earlier in the afternoon. Swift then asked him if he knew that he had hit a salt pallet at the gas station. The petitioner said he knew that he had hit some pallets, but he did not stop because he thought the police would come over and harass him.

Swift had the petitioner perform field sobriety tests. As he spoke with him outside the vehicle, Swift could again smell the odor of cannabis emanating from the petitioner. Swift arrested him for driving under the influence of drugs and read him the warning to motorist.

The warning to motorist informed the petitioner that if he was a first-time offender and he refused to take a chemical test, his driver's license would be suspended for a minimum of six months. It also notified the petitioner that if he was a first-time offender and he submitted to testing that revealed a blood-alcohol concentration of 0.08 or above, or any amount of cannabis, his license would be suspended for a minimum of three months. Further, the warning indicated that a motorist is not considered a first-time offender if, in the five years prior to his arrest, he submitted to chemical testing that revealed an alcohol concentration of 0.08 or more. The warning also noted that a non-first-time offender who refused chemical testing would receive a two-year statutory summary suspension of his driver's license. 625 ILCS 5/6—208.1(a)(3) (West 1996). Finally, the warning informed the petitioner that if he was under the age of 21, he was a first-time offender unless he had a previous suspension for refusing a chemical test or he had submitted to a test that disclosed a blood-alcohol concentration greater than 0.00.

Swift then asked the petitioner to submit to a blood test. The petitioner said that he would not submit to a blood test until he had talked to his lawyer. Swift told him that this would be regarded as a refusal.

The 18-year-old petitioner testified that he hit the salt pallets and knocked them over as he was driving away from the gas station. He

denied any odor of cannabis emanating from his person or vehicle, and denied having smoked any cannabis.

At the conclusion of the hearing, the trial court found: (1) the police officer had reasonable grounds to arrest the petitioner for driving under the influence of drugs; and (2) the petitioner had refused to take a blood test. It then sought written memoranda from the parties on the issue of the "warning to motorist." Later, the court found that the warning to motorist read to the petitioner was defective because it did not reflect the January 1, 1999, change in the law calling for a three-year suspension rather than a two-year suspension for a non-first-time offender who refused chemical testing. 625 ILCS 5/6—208.1 (West 1998). The court held that this was not harmless error. Therefore, it granted the petition to rescind.

The State filed a motion to reconsider the court's ruling on the warning to motorist. The petitioner also filed a motion to reconsider, challenging the court's ruling with regard to reasonable grounds. At the hearing on the motion, the State submitted the abstract of the petitioner's driver's license record from the Secretary of State. The abstract indicated that the petitioner was a first offender. Therefore, the State argued that the petitioner was not prejudiced by any misstatement in the warning to motorist about the length of suspension for a non-first-time offender. The petitioner argued that the trial court erred in finding reasonable grounds to arrest. Both motions were denied.

On appeal, the State argues that the rescission of the petitioner's statutory summary suspension was improper since, as a first-time offender, the petitioner was properly warned of the consequences to him either of a refusal to take the blood test or of taking the test. Therefore, it argues, the petitioner was not prejudiced by the inaccuracies in the warning.

In response, the petitioner argues that the warning to motorist was fatally flawed in two respects. First, the warning indicated that the petitioner would not be considered a first-time offender if, in the five years prior to his arrest, he submitted to chemical testing that revealed an alcohol concentration of 0.08 or more. However, prior to July 2, 1997, the legal limit of alcohol concentration was 0.10. 625 ILCS 5/6—206(a)(31) (West 1996). That limit was reduced from 0.10 to 0.08 with the passage of Public Act 90—43. Pub. Act 90—43, § 5, eff. July 2, 1997; 625 ILCS 5/6—206(a)(31) (West 1998). Second, the petitioner argues that the warning incorrectly informed him that if he was not a first-time offender, he would be subject to a two-year statutory summary suspension if he refused a chemical test. 625 ILCS 5/6—208.1(a)(3) (West 1996). Instead, at the time of his arrest, he

would have been subject to a three-year statutory summary suspension if he had been a non-first-time offender who had refused chemical testing. 625 ILCS 5/6—208.1(a)(3) (West 1998).

In reply, the State argues that the petitioner's first claimed error was cured by the "motorist under age 21" clause in the warning. The State alleges that since that clause informed the petitioner that he was not a first-time offender if he had ever refused a chemical test or the test revealed a blood-alcohol concentration above 0.00, the earlier misstatement in the warning concerning a 0.08 blood-alcohol concentration within the last five years was irrelevant.

■ The purpose of a warning to motorist is to allow the motorist to make an intelligent decision between being tested and refusing testing; therefore, the motorist must be completely informed of the consequences of either choice. *People v. Engelbrecht*, 225 Ill. App. 3d 550, 588 N.E.2d 452 (1992). The failure to give the required warnings is a ground for the rescission of the statutory summary suspension. *Engelbrecht*, 225 Ill. App. 3d 550, 588 N.E.2d 452. The test is whether the petitioner was issued a warning that was objectively accurate and informative to him. *Engelbrecht*, 225 Ill. App. 3d 550, 588 N.E.2d 452. A trial court's decision to grant a petition to rescind a motorist's statutory summary suspension will not be reversed unless it is against the manifest weight of the evidence. *People v. Fortney*, 297 Ill. App. 3d 79, 697 N.E.2d 1 (1998).

■ Here, we acknowledge the State's point that the petitioner was a first-time offender and therefore he was not subject to either a two-year or a three-year statutory summary suspension of his driver's license. Nevertheless, we find that the warning to motorist that he received was materially inaccurate and misleading. Further, the "motorist under age 21" provision did not serve to cure the earlier defects, but only left the motorist unsure as to which section was an accurate statement of the law. For these reasons, we find that the trial court's order granting the petitioner's motion to rescind his statutory summary suspension was not against the manifest weight of the evidence.

The disposition of the above issue renders moot the petitioner's contention on cross-appeal. Therefore, we shall not address it.

Accordingly, the judgment of the circuit court of Iroquois County is affirmed.

Affirmed.

SLATER, P.J., AND LYTTON, J., concur.