THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL BLANKSCHEIN, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRITTANY S. SMITH, Defendant-Appellant.

Second District   Nos. 2—01—0629, 2—01—1253 cons.

Opinion filed March 10, 2003.

Donald J. Ramsell and Christopher B. Klis, both of Ramsell & Armamentos, of Wheaton, for appellants.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and Martha M. Gillis, of Evanston, for the People.

PRESIDING JUSTICE HUTCHINSON delivered the opinion of the court:

Defendants, Daniel Blankschein and Brittany S. Smith, appeal from the denials of their petitions to rescind the statutory summary suspensions of their driving privileges. In this consolidated appeal, defendants argue that their petitions should have been granted because they received inaccurate warnings before refusing to submit to breathalyzer tests. We affirm.

Defendants were arrested for driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(2) (West 2000)). The arresting officers read the defendants the "warning to motorist." Each defendant received the following warnings:

"[Y]ou are warned:

1. If you refuse or fail to complete all chemical tests requested and:

If you are a first offender, your driving privileges will be suspended for a minimum of 6 months; *or*

If you are not a first offender, your driving privileges will be suspended for a minimum of 3 years.

2. If you submit to a chemical test(s) disclosing an alcohol concentration of 0.08 or more *** and:

If you are a first offender, your driving privileges will be suspended for a minimum of 3 months; *or*

If you are not a first offender, your driving privileges will be suspended for a minimum of one year." (Emphasis in original.)

Defendants refused to submit to chemical testing. Blankschein's

driving privileges were summarily suspended for three years, and Smith's driving privileges were summarily suspended for six months. Defendants petitioned to rescind the summary suspensions. Each alleged, among other things, "I was not properly warned by the arresting officer as provided in Section 11—501.1 of the Illinois Vehicle Code [(625 ILCS 5/11—501.1 (West 2000))]."

During the hearing on Smith's petition, the arresting officer, Kevin Driscoll, testified that he read the warnings to Smith and asked her if she understood them. Smith asked to call her father. Driscoll allowed her to call and then asked her if she would submit to a breath test. Smith replied that she wanted to wait until her father arrived. Driscoll explained that the test could not be delayed and that her father would not be allowed in the holding area to give her advice.

Smith asked what the suspension periods were, and Driscoll read her the warnings again. Smith stated that she understood what the minimum suspension periods were but repeatedly asked what the maximum periods were. Each time, Driscoll replied that he did not know. Another officer suggested that she take a copy of the warnings to her cell and read it herself. After Smith sat in the cell for a short time, Driscoll returned and asked Smith if she read the warnings. Smith replied that she had but stated that she would not take the test until her father arrived. Driscoll considered her response a refusal. The trial court found that the warnings were accurate and granted the State's motion for a directed finding. Smith timely appealed.

During the hearing on Blankschein's petition, counsel stated that the alleged grounds for rescission were "[p]robable cause and warnings." The hearing focused primarily on whether the arresting officer had probable cause to arrest Blankschein for DUI. Blankschein testified that, after he was arrested and transported to the police department, the officer read him the warnings. Blankschein stated he understood the warnings and refused to submit to a breath test. Blankschein argued that the warnings did not accurately describe when someone will not be considered a first offender. The trial court granted the State's motion for a directed finding. Arguing that the decision was against the manifest weight of the evidence, Blankschein moved to reconsider. The trial court denied the motion, and Blankschein timely appealed. We granted defendants' requests to consolidate their appeals.

■ On appeal, defendants argue that the warnings they received were inaccurate because they state that the suspension periods are minimums when in fact they are single, determinate terms. Also, they assert that the warnings are incomplete because they do not state the maximum suspension periods. Initially, the State responds that

defendant Blankschein waived this contention because he failed to raise it below. During the hearing on his petition, Blankschein challenged the warnings but addressed a different aspect of the warnings: whether they accurately described when someone will not be considered a first offender. See *Eagan v. Chicago Transit Authority*, 158 Ill. 2d 527, 534 (1994) (issues not raised in trial court may not be raised for first time on appeal). Because defendant Smith has raised and preserved for review the identical contention, however, we will address it in connection with Blankschein's appeal as well.

■ Because defendants raise a purely legal issue, we review the trial court's rulings *de novo. People v. Garriott*, 253 Ill. App. 3d 1048, 1050 (1993). Section 11—501.1 of the Illinois Vehicle Code (the Code) is commonly referred to as the "implied-consent law." It provides, in pertinent part:

> "(a) Any person who drives or is in actual physical control of a motor vehicle upon the public highways of this State shall be deemed to have given consent *** to a chemical test or tests of blood, breath, or urine for the purpose of determining the content of alcohol, other drug or drugs, or intoxicating compound or compounds or any combination thereof in the person's blood if arrested ***. ***
> ***
> (c) A person requested to submit to a test as provided above shall be warned by the law enforcement officer requesting the test that a refusal to submit to the test will result in the statutory summary suspension of the person's privilege to operate a motor vehicle as provided in Section 6—208.1 of this Code. The person shall also be warned by the law enforcement officer that if the person submits to the test or tests provided in paragraph (a) of this Section and the alcohol concentration in the person's blood or breath is 0.08 or greater, *** a statutory summary suspension of the person's privilege to operate a motor vehicle, as provided in Sections 6—208.1 and 11—501.1 of this Code, will be imposed." 625 ILCS 5/11—501.1 (West 2000).

Section 6—208.1 of the Code provides:

> "(a) Unless the statutory summary suspension has been rescinded, any person whose privilege to drive a motor vehicle on the public highways has been summarily suspended, pursuant to Section 11—501.1, shall not be eligible for restoration of the privilege until the expiration of:
> 1. Six months from the effective date of the statutory summary suspension for a refusal or failure to complete a test or tests to determine the alcohol *** concentration, pursuant to Section 11—501.1; or

2. Three months from the effective date of the statutory summary suspension imposed following the person's submission to a chemical test which disclosed an alcohol concentration of 0.08 or more *** pursuant to Section 11—501.1; or

3. Three years from the effective date of the statutory summary suspension for any person other than a first offender who refuses or fails to complete a test or tests to determine the alcohol *** concentration pursuant to Section 11—501.1; or

4. One year from the effective date of the summary suspension imposed for any person other than a first offender following submission to a chemical test which disclosed an alcohol concentration of 0.08 or more pursuant to Section 11—501.1 ***.

***

(c) Full driving privileges may not be restored until all applicable reinstatement fees, as provided by this Code, have been paid to the Secretary of State and the appropriate entry made to the driver's record." 625 ILCS 5/6—208.1 (West 2000).

■ Defendants stress that section 6—208.1 of the Code says nothing about the stated periods being minimums. *People v. Johnson*, 197 Ill. 2d 478 (2001), sets forth the standards for determining whether inaccurate warnings require rescission. The *Johnson* court noted that the implied-consent law was remedial and therefore should be construed liberally to accomplish its goal of highway safety. *Johnson*, 197 Ill. 2d at 486. The court rejected the notion that the warnings required by the implied-consent statute are intended to enable the motorist to make an informed choice about whether to take the test. Instead, the warnings benefit the State. The threat of an extended suspension for motorists who refuse to take the test motivates individuals to take the test, thereby allowing the State to gain objective evidence of intoxication. *Johnson*, 197 Ill. 2d at 487. Principles of fairness dictate, however, that law enforcement officers may not misinform motorists. *Johnson*, 197 Ill. 2d at 488.

■ Considering these principles, the court held that, as a general rule, the warnings should be consistent with the information provided in section 6—208.1 of the Code. Erroneous or inaccurate warnings justify rescinding the summary suspension only if the misinformation directly affects the motorist's potential length of suspension. *Johnson*, 197 Ill. 2d at 488.

■ We conclude that the warnings here are consistent with section 6—208.1 of the Code. The warnings certainly do not contain any incorrect information. As the State argues, the use of "minimum" is consistent with the effect of section 6—208.1(c). Although the statute sets single, determinate suspension periods, section 6—208.1(c) states

that full driving privileges may not be restored until all applicable reinstatement fees have been paid. Thus, the warnings accurately convey that the suspension could be longer than the stated period. See *People v. Martinez*, 184 Ill. 2d 547, 552 (1998) (period of statutory summary suspension continues until reinstatement fee is paid).

That the warnings here did not explain why the stated periods were only minimums is of no consequence. This court has recognized that a motorist does not need to be informed about all of the provisions of section 6—208.1 of the Code. *People v. Hart*, 313 Ill. App. 3d 939, 942 (2000) (motorist need not be warned that, under section 6—208.1(g), a nonfirst offender cannot apply for a restricted driving permit during first two years of summary suspension). The required warnings are simply designed to notify drivers that refusing to take or failing a breath test will result in the summary suspension of their driving privileges as provided in section 6—208.1. *Hart*, 313 Ill. App. 3d at 941. The warnings here accomplished that purpose.

Even if, *arguendo*, the warnings were deficient, we cannot say that the omission directly affected the potential length of defendants' suspensions. Defendants were not misled to their detriment in any way. The reinstatement fee applies whether the person refuses the test or takes it and fails, and the warnings accurately convey the consequences of refusing to take the test. Thus, the alleged deficiency has not caused defendants to be subject to a potentially longer suspension. Compare *People v. Diestelhorst*, 253 Ill. App. 3d 867, 876 (1993) (defendant not entitled to rescission where warnings did not erroneously lead him to believe his choice would result in a shorter suspension), with *People v. Engelbrecht*, 225 Ill. App. 3d 550, 555-56 (1992) (defendant, a nonfirst offender, was incorrectly warned that suspension period for refusing test was one year; defendant refused test and received two-year suspension).

The warnings defendants received were consistent with section 6—208.1 of the Code. Therefore, the trial court properly refused to rescind the summary suspensions of their driving privileges.

The judgments of the circuit court of Du Page County are affirmed.

Affirmed.

BOWMAN and BYRNE, JJ., concur.