2021 IL App (1st) 201018-U

No. 1-20-1018

Order filed July 14, 2021

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| | ) | Nos. 36691643 |
| | ) | 36691644 |
| v. | ) | 36691645 |
| | ) | 36691646 |
| | ) | 36691647 |
| | ) | 36691648 |
| | ) | |
| MILTON MOSES JR., | ) | Honorable |
| | ) | Lindsay Huge, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE McBRIDE delivered the judgment of the court.
Justices Ellis and Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The statutory summary suspension of defendant's driver's license is affirmed over
his claim that the arresting officer provided an improper warning.

¶ 2    Defendant Milton Moses Jr. appeals from the trial court's order denying his petition to

rescind the statutory summary suspension of his driver's license. On appeal, defendant argues the

suspension should be rescinded because the arresting officer did not properly warn him of the consequences of refusing a chemical test. We affirm.

¶ 3     Defendant was charged with driving under the influence (DUI) (625 ILCS 5/11-501(a)(2) (West 2018)) and other offenses following a traffic stop on May 4, 2019. During the arrest, defendant refused a chemical test and signed a form indicating the arresting officer warned his license could be suspended if he refused. On May 17, 2019, defendant filed a petition to rescind the suspension, alleging, in relevant part, that he was "not properly warned by the arresting officer."

¶ 4     On August 9, 2019, at a hearing on the petition, Illinois state trooper Eric David testified that he curbed defendant's vehicle and arrested him for DUI. David drove defendant to the police station. Before entering the station, David read defendant the applicable sections of the Warning to Motorist form. The police vehicle's camera recorded the reading. David testified that he read the warning at his "normal pace" and spoke clearly. Defendant and David then entered the station, where David handed defendant the form, which David saw defendant read and sign.

¶ 5     Defense counsel published the video of the reading. The video, included in the record on appeal, shows David reading the relevant sections audibly but very quickly, with the individual words difficult to discern.

¶ 6     The trial court granted defendant's petition. In so finding, the court stated that based on the recording, David's reading was "unintelligible."

¶ 7     The State filed a motion to reconsider, which it later supplemented, arguing that under *People v. Wegielnik*, 152 Ill. 2d 418 (1992), the motorist need not understand the warning. The State also emphasized that defendant received and signed a written copy of the warning. On

December 9, 2019, the trial court granted the State's motion and reinstated the suspension. The court stated that reversal was proper because although David made "very little, if any, attempt to make the warnings comprehensible," the statute did not require "understandability," and defendant received the written warning and understood English.

¶ 8    Defendant filed a motion to reconsider the trial court's grant of the State's motion, arguing that this case was distinguishable from *Wegielnik* because it was "impossible for unintelligible *** warnings to be complete and accurate." He attached his signed "Warning to Motorist" form. The form, included in the record on appeal, contains the text of the warning, including that if defendant refused to complete the requested chemical tests he would be subject to a suspension of his driving privileges.

¶ 9    At a July 24, 2020 hearing, defense counsel argued that *Wegielnik* and its progeny did not defeat defendant's claim because those cases established that the warning must be read completely and accurately, but here the warning was unintelligible, and thus inaccurate. Counsel also referenced *People v. Johnson*, 197 Ill. 2d 478 (2001), for the proposition that an inaccurate warning is inadequate. Counsel concluded that defendant received "no information whatsoever" from David's unintelligible oral warning. In denying the motion, the court reiterated that David's oral warning was unintelligible, but maintained that under Illinois law, the warning has "to be given, but not understood." The court also clarified it did not believe inaccuracy was at issue.

¶ 10    On appeal, defendant argues that David's oral warning did not satisfy the statutory requirements because it was unintelligible. The State responds that David provided the warning orally and in writing, and the law does not require that a driver understand the warning.

¶ 11    Pursuant to section 11-501.1 of the Illinois Vehicle Code (625 ILCS 5/11-501.1(c) (West 2018)), a person arrested for DUI "shall be warned" by the officer that a refusal to submit to a chemical test will result in a statutory summary suspension of that person's driver's license. "A person requested to submit to a test shall also acknowledge, in writing, receipt of the warning." *Id.*

¶ 12    A defendant may challenge this suspension on the basis that the officer did not properly warn him per the statute. *People v. Wear*, 229 Ill. 2d 545, 560 (2008). The defendant has the burden to present a *prima facie* case, which the State may counter if the defendant makes the threshold showing. *Id.* On appeal, a reviewing court must defer to the findings of fact made by a trial court at the suspension hearing, and should only reverse them if they are against the manifest weight of the evidence. *Id.* at 561. The trial court's legal decisions, however, are reviewed *de novo*. *Id.* at 562.

¶ 13    In *Wegielnik*, our supreme court held that the defendant, a Polish speaker who could not read or write English, did not have a statutory right to have the warning read to him in a language he understood. *Wegielnik*, 152 Ill. 2d at 424-27. The court reasoned that the statute's intent was not to ensure that motorists made an informed choice, but to further the goals of highway safety and evidence gathering by the State. *Id.* at 425. The warning motivates motorists to submit to the test, and thus, requiring a delay to procure an interpreter "would actually interfere with the law's objectives because the concentration of alcohol in the blood naturally dissipates over time." *Id.*

¶ 14    In *Johnson*, the supreme court reiterated that the motorist need not understand the warning and the statute is not designed to allow for an informed choice. *Johnson*, 197 Ill. 2d at 488. The court explained, however, that rescission of a suspension is appropriate where, as in *Johnson*, the

officer's warning contained misinformation that "directly affect[ed] the motorist's potential length of suspension" for refusing a chemical test. *Id.*

¶ 15    Here, defendant's lone argument is that David's warning was insufficient because it was unintelligible. The video of David's warning to defendant shows that David read the warning at an accelerated pace that made the words difficult to discern. The trial court found that the warning, as read by the officer, was unintelligible. David also testified that defendant received the written warning, read the form, and signed it. The written form was not introduced at trial, but was proffered as an attachment to defendant's motion to reconsider the grant of the State's motion to reconsider. The form contains the relevant text of the warning and bears defendant's signature.

¶ 16    As noted, we must defer to the trial court's findings of fact unless they are against the manifest weight of the evidence. *Wear*, 229 Ill. 2d at 561. The trial court found that the warning was unintelligible, and based on our review of the video, this finding was not against the manifest weight of the evidence.

¶ 17    With this understanding, we next consider the legal effect of the warning. The State relies on *Wegielnik* and *Johnson* for the proposition that a defendant's subjective understanding of the warning is irrelevant. This appeal, however, does not implicate an admonishment that a defendant does not understand, but rather, a warning that cannot be understood.

¶ 18    As our supreme court has explained, the goal of the warning is to motivate motorists to submit to the chemical test. *Wegielnik*, 152 Ill. 2d at 425. If a motorist cannot understand an officer's warning because it is objectively unintelligible, the warning cannot motivate the motorist to undergo testing. Thus, an unintelligible warning thwarts the statute's goal, and we will not interpret a statute to lead to this result. See *People v. Brown*, 2020 IL 124100, ¶ 30 ("When

interpreting a statute, a court may always consider the consequences of construing the law one way or another and may always consider whether a particular interpretation of the statute will lead to absurd, inconvenient, or unjust results."). Consequently, David's unintelligible warning was akin to no warning at all, and was improper.

¶ 19    Having found that the oral warning was improper, though, we do not believe that reversal is appropriate under the specific circumstances of this case.

¶ 20    Here, David warned defendant that his refusal to submit to a chemical test would result in a license suspension by providing the written warning, which contained the necessary information that David's oral warning failed to intelligibly convey. Unlike in *Johnson*, where an officer actively supplied misinformation, defendant here effectively received no verbal information from the officer, and thus there was no potential for him to misunderstand his rights based on any potential conflict between the oral warning and written form. Consequently, while David's initial oral warning was insufficient, on this record, the written warning achieved the statutory purpose of motivating defendant to submit to testing. Defendant's claim of error is therefore without merit.

¶ 21    For the foregoing reasons, the trial court's decision is affirmed.

¶ 22    Affirmed.